J-S41014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JALIL SHAKUR REED | : | |
| | : | |
| Appellant | : | No. 12 EDA 2024 |

Appeal from the PCRA Order Entered November 16, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000113-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JALIL SHAKUR REED | : | |
| | : | |
| Appellant | : | No. 1709 EDA 2024 |

Appeal from the PCRA Order Entered November 16, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000810-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JALIL SHAKUR REED | : | |
| | : | |
| Appellant | : | No. 1710 EDA 2024 |

Appeal from the PCRA Order Entered November 16, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000811-2020

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

J-S41014-24

MEMORANDUM BY MURRAY, J.:          **FILED DECEMBER 05, 2024**

In these consolidated appeals, Jalil Shakur Reed (Appellant) appeals from the orders denying as untimely his first petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Additionally, Appellant's appointed counsel, Eric Closs, Esquire (Counsel), has filed an application to withdraw as PCRA counsel.[1] We grant Counsel's application to withdraw and affirm the PCRA court's orders.

The facts underlying Appellant's convictions are not relevant to this appeal. On December 4, 2020, Appellant pled guilty in the following three cases: 1) CP-45-CR-113-2020 (case No. 113) to impersonating a public servant, 18 Pa.C.S.A. § 4912; 2) CP-45-CR-810-2020 (case No. 810) to

---

[1] The proper procedure for counsel seeking permission to withdraw in a PCRA appeal is outlined in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Here, however, Counsel erroneously stated, in both his May 10, 2024, application to withdraw and his appellate brief filed that same date, that he was petitioning to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and its progeny, instead of **Turner**/**Finley**. The procedure set forth in **Anders** is not appropriate for requests to withdraw from PCRA representation. **See**, **e.g.**, **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (stating **Anders** briefs are procedurally inappropriate in PCRA appeals). However, it is well settled that "because an **Anders** brief provides **greater protection** to the defendant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004) (emphasis added); **see also Karanicolas**, 836 A.2d at 947 (stating that "[s]ubstantial compliance" with requirements to withdraw will satisfy **Turner**/**Finley** criteria).

persons not to possess firearms (firearms prohibited), *id.* § 6105(a)(1);[2] and

3) CP-45-CR-811-2020 (case No. 811)[3] to two counts of corruption of minors,

*id.* § 6301(a)(1)(ii). The trial court deferred sentencing for preparation of a

PSI report.[4]

On February 23, 2021, the trial court imposed an aggregate sentence,

at case Nos. 810 and 811, of four to nine years in prison, followed by two

years of probation for case No. 113. On March 3, 2020, Appellant filed a

motion for reconsideration of sentence, which the trial court denied that same

date. Appellant did not file a direct appeal.

---

[2] Concerning the conviction of firearms prohibited, Appellant was prohibited from possessing firearms due to 1) his numerous juvenile adjudications of enumerated offenses under 18 Pa.C.S.A. § 6105(b), including multiple counts of aggravated assault; and 2) a final protection from abuse order entered against Appellant in March 2020, which prohibited him from possessing firearms. *See* Pre-Sentence Investigation (PSI) Report, 10/30/23, at 2c, 4-4b; *see also* 18 Pa.C.S.A. § 6105(b).

[3] We hereinafter collectively refer to case Nos. 113, 810, and 811 as "the three cases."

[4] The PSI report stated Appellant served in the Army from August 2017 to July 2019, when he was medically discharged. PSI Report, 10/30/23, at 5, 6a. Notably to the instant appeal, the PSI report stated Appellant "reported that he was diagnosed with Post Traumatic Stress Disorder [(PTSD)] by medical staff at the V[eterans Affairs (VA)] hospital in Wilkes-Barre in September 2019." *Id.* at 6; *see also id.* 6a (stating Appellant self-reported he suffered a head and back injury while on active duty).

On October 24, 2022, after Appellant's judgment of sentence became final,[5] Appellant untimely filed the instant *pro se* PCRA petition at the three cases, his first. **See** 42 Pa.C.S.A. § 9545(b)(1) (providing all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final). Appellant conceded the facial untimeliness of his PCRA petition, but asserted two statutory exceptions to the PCRA's time-bar. **See** PCRA Petition, 10/24/22, at 2; **see also** 42 Pa.C.S.A. § 9545(b)(2)(ii) and (iii) (time-bar exceptions for newly-discovered facts and newly-recognized constitutional rights, respectively).

After the withdrawal of Appellant's retained counsel on October 28, 2022, the PCRA court appointed counsel with the Monroe County Public Defender's Office (prior counsel) to represent Appellant. Following proceedings not relevant to this appeal, on June 22, 2023, prior counsel filed an amended PCRA petition on Appellant's behalf. Prior counsel raised two claims: 1) a "change in law which potentially impacts [Appellant's] ability to possess a firearm"; and 2) a newly-discovered fact in the form of Appellant's diagnosis of PTSD. Amended PCRA Petition, 6/22/23, ¶¶ 9-21.

---

[5] For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review … or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Here, as Appellant did not file a direct appeal, his judgment of sentence became final on April 2, 2020, thirty days after the denial of his motion for reconsideration of sentence. **See** Pa.R.Crim.P. 720(A)(2) ("If the defendant filed a timely post-sentence motion, the notice of appeal shall be filed [] within 30 days of the entry of the order deciding the motion").

Concerning the purported change in law, the amended PCRA petition asserted as follows:

> On June 6, 2023, the Third Circuit [Court of Appeals] decided **United States v. Bryan David Range**[, 69 F.4th 96 (3d Cir. 2023) (vacated by **Garland v. Range**, 144 S. Ct. 2706 (2024)),] finding that defendant Range's Second Amendment Rights under the Pennsylvania and the United States Constitution[s] were violated by his prohibition from owning a firearm due to a conviction for making a false statement on a food stamp application. The federal court, interpreting the effects of the U.S. Supreme Court's decision in **New York State Rifle and Pistol Association v. Bruen**, [597 U.S. 1,] 142 S. Ct. 2111 (2022)[,[6]] found that the Court must look at whether the text of the Second Amendment applies to the defendant, and, if it does, that [a] firearm regulation is [consistent with the nation's] history and tradition [of firearm regulation]. The Court in **Range** found that Mr. Range would not have historically been prohibited from owning a firearm due to the false statement conviction and therefore[,] he could not be constitutionally prohibited from owning a firearm.

---

[6] This Court recently thoroughly summarized **Bruen** in **Commonwealth v. Mead**, ___ A.3d ___, 2024 PA Super 254, at **14-18 (Pa. Super. 2024). The **Mead** Court stated:

> In **Bruen**, the United States Supreme Court held that statutes that permit the state to deny a license to carry a firearm to law-abiding citizens unless they show a special need for a firearm infringe that right to bear arms and are unconstitutional. 597 U.S. at 11-16, 32-34, 70-71.

**Mead**, 2024 PA Super 254, at *15; **see also id.** at **18-19 (holding 18 Pa.C.S.A. § 6106, which prohibits possession of a firearm without a license, was not unconstitutional under **Bruen** or the United States or Pennsylvania Constitutions). Importantly to this appeal, the **Bruen** Court explicitly stated, "[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons…." **Bruen**, 597 U.S. at 81 (quoting **District of Columbia v. Heller**, 554 U.S. 570, 636 (2008)); **see also Commonwealth v. McIntyre**, 314 A.3d 828, 842 (Pa. Super. 2024) (holding the firearms prohibited statute, 18 Pa.C.S.A. § 6105, was not unconstitutional under **Bruen**).

Similarly, [Appellant] pled guilty[, at case No 810,] to … firearm[s prohibited] based on a juvenile adjudication. [Appellant] served in the military between May 7, 2018[,] and July 5, 2019, after the juvenile adjudication. Historically, it has long been recognized that juveniles should not be held to the same standards as adults due to their lack of maturity and developing brains. [Appellant] was permitted to serve in the military as an adult and possess a firearm while serving. Therefore, under the recent case law of the [T]hird [C]ircuit, applying the [firearms prohibited] … statute[, 18 Pa.C.S.A. § 6105,] to [Appellant] was overbroad and a violation of his constitutional right to own and possess a firearm.

Amended PCRA Petition, 6/22/23, ¶¶ 10-16 (footnote added; formatting modified).

The amended PCRA petition asserted as follows with respect to Appellant's claim of a newly-discovered fact:

[When prior counsel met] with [Appellant] in person, [Appellant] provided [prior] counsel documentation [showing] that he was diagnosed by the military with P[TSD] … and Traumatic Brain Injury [(TBI)] on January 6, 2023.[7] [Appellant] was found to be 70% impaired by the military. [Appellant's] diagnosis creates difficulty adapting to stressful situations, impaired judgment and memory loss. [Appellant's] diagnosis affected his ability to communicate with his [plea] attorney and may have provided a defense/mitigation to the charges [in the three cases]. [Appellant's] diagnosis should have been considered mitigation at the time of his sentencing, as he certainly suffered from P[TSD]

_____

[7] Though the amended PCRA petition represented Appellant was first diagnosed with PTSD on January 6, 2023, this is belied by the record. As stated above, Appellant's PSI report stated he was first diagnosed with PTSD "in **September 2019**," prior to his guilty pleas in the three cases. PSI Report, 10/30/23, at 6 (emphasis added); *see also* N.T., 6/23/23, at 19. January 6, 2023, is the date of the VA's "rating decision" evaluation, which the VA issued in connection with Appellant's application for disability benefits. N.T., 6/23/23, at 26-27; *see also* Amended PCRA Petition, 6/22/23, Exhibit A (VA rating decision).

and T[BI] at the time of his sentencing.

*Id.* ¶¶ 17-21 (footnote added; internal citation to exhibit omitted; formatting modified).

The PCRA court held an evidentiary hearing on the PCRA petition on June 23, 2023 (PCRA hearing), wherein Appellant was the sole witness. Appellant confirmed that in January 2023, he "receive[d] from the military confirmation that [he had] … received [] diagnoses" for PTSD and TBI. N.T., 6/23/23, at 17. Appellant testified to the impacts of these diagnoses:

> I forget things. I don't know how to word things at times. I get a little frustrated when I try to advocate for myself and I don't know how to spit the words out. So it gets frustrating at times.

*Id.* at 18.

On cross-examination, however, Appellant confirmed he 1) began receiving counseling from the military for PTSD in 2019, *id.* at 19; and 2) did not "have any issues … today understanding [his] counsel, communicating with counsel, formatting possible defenses, and so forth…." *Id.* at 23.

Following the PCRA hearing, the PCRA court directed the parties to file briefs in support of their respective positions. Appellant filed his brief on August 15, 2023. Three days later, the Commonwealth filed its brief. On November 16, 2023, the PCRA court issued orders, and thorough accompanying memoranda, denying Appellant's PCRA petitions as untimely.

On Appellant's behalf, prior counsel timely filed a notice of appeal on December 14, 2023.[8]  On February 5, 2024, Appellant filed a praecipe in the trial court notifying he was withdrawing the appeal at case No. 113 only.  The PCRA court subsequently granted prior counsel leave to withdraw, and appointed Counsel to represent Appellant.  Counsel and the PCRA court have complied with Pa.R.A.P. 1925.

On May 10, 2024, Counsel filed in this Court an application to withdraw as Appellant's counsel, and an accompanying appellate brief (Counsel's Brief), purportedly pursuant to **Anders**, *supra*.  The application averred Counsel "has done a thorough review of the record and determined that the [a]ppeal is wholly frivolous."  Application to Withdraw, 5/10/24, ¶ 2.  Counsel further stated he "served Appellant with a copy of (1) th[e] application[ to withdraw;] (2) [Counsel's Brief;] and (3) a letter explaining the Appellant's rights to proceed *pro se* or retain private counsel to represent him on the appeal."  **Id.** ¶ 4; **see also Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super.

_____

[8] Appellant's single notice of appeal listed multiple docket numbers, *i.e.*, the three cases.  **See Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (requiring appellants to file separate notices of appeal from single orders that resolve issues on more than one docket) (overruled in part by **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (holding that "where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate.")).  Counsel filed amended notices of appeal, at each of the three cases, on June 25, 2024, which complied with **Walker**.

2005) (stating counsel must "attach to [a] petition to withdraw a copy of the letter sent to the[] client advising him or her of their rights.").

On August 5, 2024, this Court consolidated Appellant's appeals *sua sponte*. On August 12, 2024, Appellant filed a *pro se* response to Counsel's petition to withdraw and Counsel's Brief.

We first address whether Counsel has satisfied the requirements of **Turner**/**Finley** in petitioning to withdraw. **See Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019) ("When presented with a brief pursuant to **Turner**/**Finley**, we first determine whether the brief meets the procedural requirements of **Turner**/**Finley**."). The **Knecht** Court explained:

> A **Turner**/**Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

**Knecht**, 219 A.3d at 691 (citations omitted).

Instantly, our review discloses that Counsel has substantially complied with the above requirements. **See Karanicolas**, 836 A.2d at 947 (substantial compliance with the requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria). In Counsel's Brief, Counsel (1) set forth the issues Appellant wants this Court to review; (2) stated he has conducted a conscientious examination of the record; (3) determined there are no non-

frivolous arguments to support Appellant's claims; and (4) explained why Appellant's claims lack merit. *See* Counsel's Brief at 5, 11-21. Additionally, Counsel properly notified Appellant of Counsel's request to withdraw, advised Appellant of his right to retain new counsel and/or raise any points he might deem worthy of consideration, and furnished Appellant with copies of the application to withdraw and Counsel's Brief. *See* Application to Withdraw, 5/10/24, ¶¶ 2, 4. Accordingly, we proceed to independently review Appellant's claims.

Counsel's Brief lists three issues for our review:

1. Whether the lower court abused its discretion and erred as a matter of law in finding that [] Appellant had not met the standard for tolling of the jurisdictional timeliness requirements under 42 Pa.C.S.A. § 9545 due to his mental health issues?

2. Whether the lower court abused its discretion and erred as a matter of law when it failed to find a timeliness exception and grant relief based upon the advent of new caselaw in *Bruen*, 597 U.S. 1[,] and *Range*, 69 F.4th 96, which undermined the legality of [Appellant's] … [firearms prohibited] conviction?

3. Whether the lower court abused its discretion and erred as a matter of law in failing to amend its sentencing order to reflect the incarceration time credit that was erroneously omitted in the original sentencing order and instead was mistakenly applied to a probationary sentence in a different case?

Counsel's Brief at 6 (some citations modified).

"We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023) (citation omitted). "Our scope of review is limited to the findings of the PCRA court

- 10 -

and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). Further, the PCRA court's "credibility determinations are to be provided great deference, and indeed, they are one of the primary reasons PCRA hearings are held in the first place." ***Commonwealth v. Rizor***, 304 A.3d 1034, 1058 (Pa. 2023) (citation, brackets, and quotation marks omitted).

Before reaching the merits of Appellant's claims, we must address the timeliness of his PCRA petition. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014). A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). "The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction." ***Commonwealth v. Reeves***, 296 A.3d 1228, 1230-31 (Pa. Super. 2023).

Here, as stated above, it is undisputed Appellant's PCRA petition is facially untimely. ***See generally*** Counsel's Brief; Brief in Support of PCRA Petition, 8/15/23, at 1 (unpaginated); Commonwealth Brief at 3. However, Appellant has invoked two exceptions to the PCRA's jurisdictional time-bar: 1) the newly-discovered fact exception set forth in Section 9545(b)(1)(ii); and 2) the newly-recognized constitutional right exception contained in Section 9545(b)(1)(iii). ***See Reeves***, 296 A.3d at 1231 ("[A] petitioner may overcome the PCRA's time-bar if he pleads and proves one of the statutory

exceptions set forth in 42 Pa.C.S.A. § 9545(b)."); *see also Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) (stating a "PCRA petitioner bears the burden of proving the applicability of one of the [timeliness] exceptions."). Any PCRA petition invoking one of the timeliness exceptions must also establish that the petitioner invoked the exception within one year of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2).

In his first issue, Appellant claims the PCRA court erred in failing to rule he met all requirements of the newly-discovered fact exception, based on his PTSD and TBI diagnoses. *See* Counsel's Brief at 11-14. According to Appellant,

> while [he] may have had symptoms of [PTSD] and [TBI] prior to his diagnoses by the military, he was not receiving treatment and could not have raised the issue earlier until the military had done all of its assessments. Without a professional diagnosis, any attempt to raise the issue would have been denied.

*Id.* at 14; *see also id.* at 12 (maintaining "[o]n January 6, 2023, the Appellant received notice" of his diagnoses from the VA). Appellant claims he "filed his PCRA petition within one year of" his diagnoses. *Id.* Appellant points out his testimony at the PCRA hearing that "as a result of his [TBI,] he forgets things and has difficulty communicating." *Id.* at 12; *see also id.* at 13 (Appellant's "testimony was substantially uncontradicted. The Commonwealth called no contrary witness….").

Appellant cites *Commonwealth v. Cruz*, 852 A.2d 287 (Pa. 2004), wherein

the Pennsylvania Supreme Court found that mental incompetence at relevant times may satisfy the requirements of Section 9545(b)(1)(ii), "in which case, the claims defaulted by operation of the incompetence may be entertained."

Counsel's Brief at 12 (quoting **Cruz**, 852 A.2d at 288).

The Commonwealth counters Appellant failed to prove the requirements of the newly-discovered fact exception, as his PTSD/TBI diagnosis 1) is not a "new fact"; and 2) was known to Appellant prior to his guilty pleas in the three cases. **See** Commonwealth Brief at 3-6. The Commonwealth points out that Appellant "was diagnosed [with PTSD] in September[] 2019, and did not plead [guilty in the three cases] until December[] 2020." **Id.** at 5 (citation omitted). Referencing the VA's above-mentioned January 6, 2023, "rating decision" detailing Appellant's PTSD/TBI diagnosis, the Commonwealth argues:

> [Appellant] says he recently received additional information regarding his ailment from [the VA.] … But **these are not new facts, only an administrative agency's acknowledgment of facts already known by** [**Appellant**] and the V[A.]

**Id.** at 5-6 (emphasis added); **see also** Amended PCRA Petition, 6/22/23, Exhibit A (VA rating decision). The Commonwealth further maintains "**Cruz** is distinguishable." **Id.** at 6.

With respect to the newly-discovered fact exception, this Court has stated it

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence.

- 13 -

This rule is strictly enforced. Additionally, **the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.**

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (emphasis added; citations and quotation marks omitted).

Here, the PCRA court determined in its Pa.R.A.P. 1925(a) opinion Appellant failed to prove the requirements of the newly-discovered fact exception:

> [I]t is clear from the record that [Appellant's] PTSD diagnosis and [TBI] are not newly[-]discovered facts since, **long before he pled guilty,** [**Appellant**] **was aware that he had** [] **sustained a head injury and knew he had been diagnosed with and treated for PTSD.**
>
> Of significance, in 2018[, Appellant] sustained a head injury in a service-related vehicle accident while on active duty in the Army. Also while in the military, [Appellant] hurt his back. In 2019, [Appellant] was medically discharged from the Army. Later that year, [Appellant] was diagnosed with PTSD at the VA hospital in Wilkes-Barre and began treatment for the disorder. **During the** [**preparation of Appellant's PSI, he**] **... informed** [**the**] **Probation Department of his PTSD diagnosis and treatment**[,] as well as his medical discharge from the Army. The diagnosis, treatment, and discharge were noted in the resulting PSI report[, which the trial court] ... considered before imposing sentence.[9] The PSI report also noted [Appellant's] mental health history and treatment dating back to his involvement in the juvenile [justice] system. Finally, during the PCRA hearing, [Appellant] acknowledged that he had been diagnosed with PTSD and received counseling for that condition before being arrested in [the three] cases. (Amended PCRA Petition, filed 6/22/2023, Exhibit (VA Rating Decision); PSI, filed 10/30/2023, pp. 5, 6, 6a, and 7a; N.T., 6/23/2023, p. 19).

---

[9] The PCRA court judge who authored the Pa.R.A.P. 1925(a) opinion also presided at Appellant's sentencing hearing.

In sum, [Appellant] was aware of his head injury, medical discharge from the Army, and PTSD diagnosis before he committed the instant crimes. Under these circumstances …, **the VA's disability rating decision is not a "new fact" in either the statutory or common meaning of that term.**

Alternatively, even if [Appellant's] PTSD diagnosis is considered to be a "new fact," the "new facts" [PCRA timeliness] exception does not apply for several reasons.

First, although the amended … [PCRA petition] indicate[s] the PTSD diagnosis "may" have supported a defense or provided sentencing mitigation, no specific defense has been identified, much less argued, no mitigation analysis has been offered, and no specific relief has been requested.

Second, relatedly, [Appellant's] contention that his PTSD diagnosis was not considered at the time [the trial court] imposed sentence is belied by the record. … [T]he PSI report clearly lists and discusses [Appellant's] military service, his medical discharge from the Army, his PTSD diagnosis, his mental health treatment, and his prior mental health history. [The trial court] considered the PSI report when imposing sentence. Thus, contrary to [Appellant's] assertions, his PTSD diagnosis, mental health history, and related matters were considered.

PCRA Court Opinion, 11/16/23, at 8-10 (emphasis and footnote added).

The PCRA court additionally found that ***Cruz***, *supra*, "is unavailing":

In ***Cruz***, our Supreme Court held that a PCRA petitioner's mental incompetence during which the statutory period for filing a PCRA petition expires can trigger the [newly]-discovered facts exception to the PCRA time-bar[,] where the incapacity affects the petitioner's ability to communicate and raise his PCRA claims. [***Cruz***, 852 A.2d at 295.[10]] In such a scenario, the petitioner's incompetence will, once established, permit him to satisfy the

---

[10] In ***Cruz***, the defendant suffered a severe brain injury as a result of a self-inflicted gunshot wound, and was "unable to discuss the facts of the case in a sensible way" at the time he pled *nolo contendere* to certain charges. ***Cruz***, 852 A.2d at 288-89.

- 15 -

requirements of the [newly]-discovered facts exception as to the claims that the petitioner was unable to raise as a result of the mental infirmity.  [**Id.**]

However, **Cruz** established only a <u>very limited</u> **exception to the general rule that "mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements."** **Commonwealth v. Monaco**, 996 A.2d 1076, 1081 (Pa. Super. 2010) [(emphasis added)], **petition for allowance of appeal denied**, 20 A.3d 1210 (Pa. 2011) (quoting **Commonwealth v. Hoffman**, 780 A.2d 700, 703 (Pa. Super. 2001)).  The facts of this case are insufficient to invoke the narrow **Cruz** exception.

Here,  [Appellant] neither pled nor proved incompetency.  Likewise, he neither pled nor proved that his PTSD or [TBI] rendered him unable to communicate or raise his PCRA claims.  In any event, **the narrow Cruz holding does not apply when, as in this case, the PCRA petitioner is aware of his mental infirmity during the pertinent timeframe.**  **Monaco**, **supra**.

PCRA Court Opinion, 11/16/23, at 10 (emphasis and footnote added); **see also Commonwealth v. Shaw**, 217 A.3d 265, 272 (Pa. Super. 2019) ("Having a history of mental illness … does not rise to the same level of unique circumstances found in **Cruz**." (citation omitted)).

Our review discloses the PCRA court's cogent reasoning is supported by the record and the law, and we agree with its conclusion.  **See** PCRA Court Opinion, 11/16/23, at 8-10.  Appellant has failed to demonstrate that he learned of his alleged incompetency issue within one year of the date he filed his PCRA petition.  The record further confirms Appellant's PTSD/TBI diagnosis was considered at sentencing, and Appellant was deemed competent to enter his guilty pleas in the three cases.  Accordingly, Appellant's PTSD/TBI diagnosis, and the VA rating decision detailing the diagnosis, did not qualify

as a "new fact" for purposes of satisfying the newly-discovered fact exception. *See Brown*, 111 A.3d at 176 (stating the focus of the newly-discovered fact exception "is on the newly discovered facts, not on a newly discovered … source for previously known facts."). Furthermore, *Cruz* is inapposite.[11] Appellant's first issue is frivolous.

In his second issue, Appellant claims the PCRA court erred in determining he failed to establish the requirements of the newly-recognized constitutional right exception, based on *Bruen*, *supra*.[12] *See* Counsel's Brief at 17-20. Appellant contends pursuant to *Bruen*, the charge of firearms prohibited "should have been dismissed" because 18 Pa.C.S.A. § 6105 is "unconstitutional facially and as applied to the Appellant." Counsel's Brief at 19. Appellant argues "[i]f 'the Second Amendment's plain text covers an

_____

[11] The record supports Counsel's assertion in Counsel's Brief that the

> [PCRA] hearing record reflects that the Appellant did not claim complete incompetence, but merely a level of impairment that made communication difficult. This distinguishes the case of … *Cruz*, … where [] incompetence explained why th[e] appellant could not have discovered or raised claims sooner in the exercise of due diligence.

Counsel's Brief at 16. *Cf. Cruz*, 852 A.2d at 288-89.

[12] Counsel's Brief, unlike the amended PCRA petition, contains no discussion of the federal court's now-vacated decision in *Range*, 69 F.4th 96. *Cf.* Amended PCRA Petition, 6/22/23, ¶¶ 10-16. We observe, however, this Court in *McIntyre*, *supra*, distinguished *Range* and upheld 18 Pa.C.S.A. § 6105 as constitutional, stating 1) "*Range* was an 'as-applied' case, with the *Range* Court painstakingly pointing out that its holding specifically applied only to Range and his situation"; and 2) "we are not bound by federal circuit courts' decisions." *McIntyre*, 314 A.3d at 841.

individual's conduct,' then under **Bruen**[,] 'the Constitution presumptively protects that conduct." **Id.** at 18 (quoting **Bruen**, 597 U.S. at 17). According to Appellant, "[b]ecause possession of a firearm comes within the Second Amendment's 'plain text,' the Appellant's conduct [in possessing a firearm] is presumptively protected." **Id.** at 19; **see also id.** ("[T]he Commonwealth will be unable to rebut that presumption.").

The Commonwealth counters the PCRA court correctly determined Appellant failed to establish the requirements of the newly-recognized constitutional right exception. **See** Commonwealth Brief at 6-10. The Commonwealth emphasizes "**Bruen** itself does not illegitimate felon in possession [of firearms] bans[, including 18 Pa.C.S.A. § 6105,] and **does not apply such a strike down retroactively**." Commonwealth Brief at 7 (emphasis added); **see also Bruen**, 597 U.S. at 81 ("Nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons…." (citation and brackets omitted)).

The Pennsylvania Supreme Court has explained the newly-recognized constitutional right exception has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by **the Supreme Court of the United States or** [**the Pennsylvania Supreme Court**] after the time provided in [] [S]ection [9545]. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already **held the new constitutional right to be retroactive**

- 18 -

**to cases on collateral review**. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Spotz***, 171 A.3d at 679 (emphasis added; citation omitted); 42 Pa.C.S.A. § 9545(b)(1)(iii).

Instantly, the PCRA court opined Appellant's claim did not establish the newly-recognized constitutional right exception:

> [N]ot every constitution-based decision establishes [a newly]-recognized constitutional right. [Appellant] only generally asserts, without analysis or citation to relevant law, that the decisions in ***Bruen*** and ***Range*** established a "new" or "after-recognized" right. We do not believe that either decision meets the definition. Further, even if ***Bruen*** does establish such a right, the High Court in that case did not invalidate a felon-not-to-possess crime of the type at issue here.[13]
>
> Finally, **the High Court has not held that *Bruen* applies retroactively** and [Appellant] did not even attempt to conduct a retroactivity analysis under ***Teague v. Lane***, 489 U.S. 288 (1989) (plurality)[14] and its progeny — or any other retroactivity analysis for that matter. Absent a retroactivity pronouncement by the High Court or a determination of retroactivity under ***Teague***,

_____

[13] This Court, in ***McIntyre***, *supra*, held that Section 6105 was not unconstitutional under ***Bruen***, reasoning:

> ***Bruen*** [did] not stand for the principle that convicted violent offenders … are 'the people' who have a right to possess arms under the Second Amendment. ***Bruen*** in no way said that felons are protected under the Second Amendment….

***McIntyre***, 314 A.3d at 842; ***see also Bruen***, 597 U.S. at 81.

[14] ***Teague*** held that a new rule of constitutional law generally applies to cases still on direct review, but only applies retroactively to matters in a collateral proceeding if the rule is substantive or a watershed criminal procedural rule. ***See Commonwealth v. Riggle***, 119 A.3d 1058, 1066 (Pa. Super. 2015) (discussing ***Teague***).

[Appellant] cannot establish the [newly-recognized constitutional right] timeliness exception. Further, we note that federal circuit and district courts which have addressed the issue have held that **Bruen** is not retroactive. **See In re Terry**, 2022 WL 20033240 (11th Cir., filed November 14, 2022); **In re Williams**, 2022 WL 18912836 (11th Cir., filed December 15, 2022); **Salley v. United States**, 2023 WL 3568618 (M.D. Fla. 2023)....

PCRA Court Opinion, 11/16/23, at 12 (emphasis and footnotes added).

Our review discloses the PCRA court's reasoning is supported by the record and the law, and we agree with its conclusion. **See id.** Appellant has failed to establish the newly-recognized right exception. Appellant's second issue is frivolous.

In his third and final issue, Appellant claims the PCRA court "erred when it failed to correct his time credit" "between [the] three cases." Counsel's Brief at 20 (some capitalization modified).

Appellant's claim implicates the legality of his sentence. Although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA petition. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); **Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014) ("Though not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." (citations and brackets omitted)).

Instantly, as discussed above, Appellant's PCRA petition is untimely and meets no timeliness exception. Accordingly, Appellant's claim of the illegality of his sentence merits no relief. **Seskey**, 86 A.3d 237, 241.

Based on the foregoing, the PCRA court's conclusion that Appellant's first PCRA petition is untimely, and does not meet any time-bar exception, is supported by the record and free of legal error. **See Johnson**, 289 A.3d at 979. We agree with Counsel's conclusion that Appellant's appeal is frivolous, and our independent review discloses no non-frivolous issues Appellant could raise on appeal. Accordingly, we affirm the orders denying Appellant's PCRA petition as untimely, and grant Counsel's application to withdraw as Appellant's counsel.

Application to withdraw as counsel granted. Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2024